In the Matter of 1359 BROADWAY ASSOCIATES, Petitioner. ARISTA SPORTSWEAR, INC., Respondent.

Supreme Court, Special Term, New York County, September 30, 1954.

775

*Ivan Shapiro* for petitioner.

*Milton Sandberg* for respondent.

MATTHEW M. LEVY, J. In this so-called "alternative proceeding" to fix the fair rental value for space occupied by the tenant-respondent on a square-foot rental basis, the tenant has demanded a bill of particulars, of which items 1, 9 and 12 are objected to by the petitioner-landlord. I quote these several items in full at this point, and then it will be helpful to consider them in reverse order:

"1. An itemized statement of the gross income derived from the building from all sources, including the amount of any refund of real property or other taxes received, during the year preceding the date of the application herein, to wit, the year preceding July 16th, 1954.

"9. The fair value of the building and of the land for tax assessment purposes as claimed by the petitioner in its last application for revision of such assessment filed with the Tax Commission of the City of New York.

"12. The cost of maintenance and operation of the entire building during the year ending June 30, 1954, showing separ-

ately the cost, kind, quality and quantity of service furnished during that year and, in addition thereto, for said year period, the following: (a) taxes, (b) water rates and charges, setting forth dates of accrual and of payment, (c) amount in quantity and price of fuel, delivery dates and amount thereof, (d) light and power, (e) insurance, specifically setting forth the amount, rate, type, expiration date and term of each policy, (f) repairs contracted for and paid for during such period, including an itemized statement of the nature of such repairs, (g) an itemized statement of any and all other expenses.''

Item 12 is objected to insofar as it calls for an itemization of the various categories of maintenance expenses, comprising taxes, water, fuel, light, power, insurance, repairs and other matters. The petitioner asserts first that the statute does not require a bill of particulars at all in an alternative proceeding, and second that these specific items in any event are not required and are evidentiary and improper. The petitioner urges that in a proceeding under subdivision 2 of section 4 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1950, ch. 327), there is no provision whatsoever for a bill of particulars, unlike the situation in subdivision 1. I do not agree. Subdivision 2 expressly provides that the court must '' first determine the basic return on the store space and of the office space separately, in each instance *as in subdivision one of this section prescribed* ''. And notwithstanding additional subdivisions to the section, subdivision 1 continued to provide that '' In any proceeding, or arbitration under *this section* [not limited to *this subdivision*], the landlord * * * shall serve upon the tenant a verified bill of particulars ''. It is also provided in subdivision 1 that '' Issue shall not be deemed to be joined in any proceeding *under this section* until the bill of particulars is served upon the tenant. Upon failure to serve the bill of particulars upon the tenant within the time limited, the proceeding or arbitration shall be dismissed on motion of the tenant.'' (Italics supplied.) I hold therefore that subdivision 2 envisages the service of a bill of particulars as well as does subdivision 1.

The petitioner urges further that even if subdivision 1 as to the procedural requirement of a bill is applicable to the present proceeding, the items demanded by the respondent here are not provided for in the subdivision and are evidentiary and improper. The respondent correctly points out that the statute (L. 1945, ch. 3, § 4, subd. 1, as amd. by L. 1950, ch. 327) calls for information as to '' the cost of maintenance and operation of the building or other rental area during the preceding year, the

kind, quality and quantity of services furnished during such year; and such other facts as the landlord claims affect the net income of the entire building or other rental area, or the reasonableness of the rent to be charged ". And, contends the respondent, the data sought in item 12 are appropriate. It is urged that the cost of maintenance and operation frequently includes (as a matter of bookkeeping and accountancy) prepayments of insurance and fuel charges as well as the cost of capital improvements, which ordinarily are not proper actual expense items chargeable to the maintenance and operation of the property during the preceding year, within the meaning of the statute — and that itemization should be required. I agree.

In passing on the propriety of demands not specifically required by the statutes the courts do not appear to have been uniform in their views. In some instances tenants have been denied particulars of items not covered by the express language of the emergency rent control laws (*Nana Realty Corp.* v. *Alfano,* 72 N. Y. S. 2d 99). In other instances, despite the fact that the statutes do not require a bill to be furnished, an " appropriate bill " may be ordered in any case (*Matter of Melvyne Realty Co. (Sitterley & Sons)*, 274 App. Div. 786). It is within the realm of probabilities that, on occasion, claimed operating costs do — although they should not — include improper or excessive charges or capital expenditures. Certainly, those factors relate to matters which may be inquired into at the trial. The tenant may there attack the items of claimed expense and may also seek an opportunity of examining the landlord's records as to all of them. It seems to me that the itemization here sought might obviate the necessity of the tenant's seeking or undertaking an examination or inspection as to each and every claimed expense. It seems to me too that the trial will be shortened by complete particularization.

Of course, it may be said that the expediency of adopting such a short cut does not justify disregarding the ancient function of a bill, which is not the disclosure of evidentiary matter as such and which here might afford a tenant the means of refuting the landlord's claims with respect to the basic return to which the landlord is entitled by statute. I am of the view that the determinative factors should be not alone the scope of the bill required by the statute before issue may be deemed to have been joined, or even the understanding of the profession as to the meaning and purpose of a bill of particulars in ordinary litigation, but also the purposes behind the enactment of the particular statute — one of which is to afford a landlord a prompt and

expeditious remedy to obtain a fair and allowable return on his commercial and business property during these emergency days of realty occupancy, and the other is to prevent a tenant from being charged an unjust, oppressive and unreasonable rent for that occupancy (L. 1945, chs. 3, 314, as amd.). Friedlander & Curreri's volume, edited by Winard, on " New York State Rent Control — Commercial, Business and Residential " (1950) has included helpful sections on the topic of bill of particulars, and it is clear from the cases cited there that — with the passage of time and the benefit of experience in the matter of the mechanics involved in the litigation phases of the proceeding — the courts have taken a more realistic and less technical view of the function of a " bill " (truly a " schedule ") in this type of proceeding (§§ 27.0–27.1). (Also, see the 1951–1952 Cum. Supp., prepared by Gardiner, Friedlander & Curreri, and edited by Winard.) In keeping with the development of the law on this subject, I hold that the purpose of the statute will be better served by the disclosure of the information sought in item 12, that the particulars sought are not forbidden by the language of the statute, and that much time will and should be saved by their inclusion in the bill.

Item 9, on the other hand, is another matter. It will be recollected that the respondent here desires information as to the value of the realty as claimed by the petitioner in its application to the municipal authorities for revision of its tax assessment. The petitioner objects to this item, and I think properly so. The respondent contends that, since the presumption is that the fair value of the property is shown by the latest completed assessment roll, such presumption is rebuttable by proof that in a pending tax proceeding the petitioner has claimed a valuation below that assessed against the property, and is seeking a reduction in the assessment. It is obvious, therefore, that what the respondent desires here is merely evidentiary matter showing an inconsistent claim of value to that asserted in this proceeding. Of course, the tenant may seek to rebut the presumption that the assessed value represents the value of the property by proof that petitioner has claimed a lower value in a pending or prior tax proceeding. But as the statute requires only that the landlord furnish the assessed value as shown by the latest completed assessment roll, he may rely prima facie on the presumption that the assessment represents the fair value of the property. The petitioner cannot, by way of a bill of particulars, be compelled to disclose an inconsistent claim of value not set forth in the petition. That is a matter of proof for the tenant.

And that proof is easily obtainable by subpœna and readily understood at a glance.

The petitioner objects to item 1 insofar as that demand requires it to furnish the amount of any refund in taxes received during the year preceding the date of the landlord's petition. The petitioner asserts that this is evidentiary matter and is irrelevant to the proceeding. The respondent's position is that it is entitled to know the actual amount of taxes paid during the preceding year, and that this necessarily includes information as to rebates of taxes. I agree with the respondent. As a matter of accounting, a tax refund can be included as part of income (item 12); but if not, it must of course be deemed a diminution of tax expense. The statute envisages particularization of the taxes paid during the preceding year. Whether a rebate of taxes for that period has been obtained is quite relevant in this proceeding, and it is not of that type of evidentiary matter that is tabu in a bill of particulars. If it be said that a cash tax refund is generally referable to an earlier year, that can be indicated in the bill, and knowledge as to the amount of it will, in any event, be of some aid to the court in determining the value of the property at the time material to a resolution of the issues.

The motion is disposed of accordingly. The petitioner is directed to serve a verified bill in compliance with the demand, as modified herein, within ten days after service of a copy of the order, with notice of entry. Order signed.